UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GODSON ERUCHALU,

Appellant,

v.

US BANK NATIONAL ASSOCIATION et al.,

Appellees.

Case No. 2:15-cv-01799-RFB

**ORDER**

### I. INTRODUCTION

Before the Court is Appellant Eruchalu's appeal of a Bankruptcy Court order granting a motion to confirm that the automatic stay was not in effect. The Court finds that it lacks jurisdiction over this appeal and the appeal therefore must be dismissed.

As a preliminary matter, for the good cause stated in the Motion For Leave (ECF No. 22) to supplement the record, the Court grants that Motion and will take judicial notice of the supplement attached to the Motion.

### II. DISCUSSION

This appeal arises out of the bankruptcy court's order on August 25, 2015 granting creditor U.S. Bank's Motion to Confirm Automatic Stay Is Not In Effect. Appellant filed his notice of appeal of the order to be heard by the Bankruptcy Appellate Panel on or around September 9, 2015. Appellee U.S. Bank filed a Statement of Election for Appeal on or around September 11, 2015 to have the appeal heard by the United States District Court for the District of Nevada pursuant to

Rule 8005 of the Federal Rules of Bankruptcy Procedure. The bankruptcy court held when dismissing the adversary complaint that it had jurisdiction over the main bankruptcy case filed in the United States Bankruptcy Court for the District of Nevada by Appellant, Chapter 13 Case No. 14-11381, pursuant to 28 U.S.C. §1334(a), 157(a) and LR 1001(b)(1). The bankruptcy court held venue of the main bankruptcy case appropriate under 28 U.S.C. §1408(1).

A district has jurisdiction under 28 U.S.C. § 158(a)(1) to hear an appeal from a "final" order of the bankruptcy court. Leave of court to appeal is required for interlocutory orders. 28 U.S.C. § 158(a)(3).

First, the Court lacks jurisdiction over this appeal. 28 U.S.C. §158(a)(3) requires Appellant to obtain leave of court to appeal interlocutory orders. Appellant appeals an interlocutory order granting U.S. Bank's Motion to Confirm No Automatic Stay Is In Effect. Appellant did not follow the procedure in Rule 8004 of the Federal Rules of Bankruptcy Procedure to apply for leave to appeal, and has consequently not obtained leave. Therefore, this appeal may be dismissed on this basis.

Second, the Court finds that this appeal must be dismissed as moot. An appeal is moot if no present controversy exists as to which an appellate court can grant effective relief. W. Coast Seafood Processors Ass'n v. Natural Res. Def. Council, 643 F.3d 701, 704 (9th Cir. 2011). A foreclosure sale occurred in this case on April 8, 2016. The underlying merits of the bankruptcy case and federal case have already been adjudicated regarding this property. In Case No. 2:15-cv-00946-JCM, the district court affirmed the bankruptcy court's order dismissing the adversary proceeding applying to the subject property in this case. There was no successful appeal of this determination. In Case No. 2:12-cv-1264-RFB-VCF, this Court entered judgment against the Appellant and denied injunctive relief as to the subject property. No successful appeal was taken of this determination. The judgments in these cases are now final and Appellant has not been successful on the merits. He therefore can obtain no relief here of the denial of an interlocutory order confirming that the automatic stay was in effect. Securities & Exch. Comm'n v. Mount Vernon Memorial Park, 664 F.2d 1358, 1361 (9th Cir.1982) (holding that appellant's appeal is merged with the dismissal of underlying claims).

Additionally, the Court denies Appellant's Motion for Disqualification (ECF No. 23). The Court construes this as a motion pursuant to 28 U.S.C. §§ 144 and 455. Appellant has not asserted legally sufficient detail in his affidavit and motion to establish any bias on the part of the Court. Appellant filed his motion untimely. Appellant does not assert an extrajudicial basis for bias by the Court. Taylor v. Regents of Univ. of California, 993 F.2d 710, 712 (9th Cir. 1993) (holding that adverse rulings alone are insufficient to demonstrate bias and to compel recusal).

### III.  CONCLUSION

IT IS HEREBY ORDERED that the appeal in this case is DISMISSED for the reasons noted.

IT IS FURTHER ORDERED that the Motion [22] for Leave is GRANTED; the Motion [23] for Disqualification is DENIED; and the Motion [28] to Strike is DENIED.

The Clerk of Court is instructed to close this case.

DATED this 21st day of February, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**